# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jonathan Hickerson,

                Plaintiff,        Case No. 25-12884

v.                                   Judith E. Levy
                                        United States District Judge

State of Michigan, *et al.*,

                                        Mag. Judge Patricia T. Morris

                Defendants.

_____/

## ORDER FOR APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Unlike in criminal cases, "'[a]ppointment of counsel in a civil case is not a constitutional right' but 'a privilege that is justified only by exceptional circumstances.'" *Bryant v. McDonough*, 72 F.4th 149, 152 (6th Cir. 2023) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). "In determining whether an appointment is warranted, courts must consider whether the litigant has demonstrated that [they are] indigent, in addition to evaluating the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself." *Garzon v.*

*De Hoffman*, No. 2:21-CV-10340, 2021 WL 1259462, at *1 (E.D. Mich. Apr. 6, 2021) (citing *Lavado*, 992 F.2d at 606). "In addition, as a general rule, appointment of counsel in a civil case is inappropriate when a litigant's claims are frivolous or have a slim chance of success." *Id.* "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982)).

The Court concludes that appointment of counsel is warranted in this case. As set forth in his verified complaint, Plaintiff Jonathan Hickerson is incarcerated at the G. Robert Cotton Correctional Facility and is blind. (ECF No. 1, PageID.1, 3.) He alleges that Defendants have denied him reasonable accommodations for his blindness, such as "necessary tools to review his own legal documents," in violation of federal and state law. (*Id.* at PageID.5.) In an attachment to his verified complaint, Plaintiff states that he "has no means of hiring counsel to assist [him]" and that he is unable to review correspondence from the courts due to his disability. (*Id.* at PageID.14.) Additionally, Plaintiff filed

2

a "motion for recruitment of counsel." (ECF No. 2.) In his motion, he states that he "is unable to afford" counsel. (*Id.* at PageID.17.)

Based on Plaintiff's filings and verified compliant, Plaintiff cannot afford to obtain counsel in this matter. Moreover, there appear to be significant limitations in Plaintiff's ability to represent himself, as set forth in his verified complaint. Finally, the Court's initial review of the complaint suggests that Plaintiff's claims are not frivolous. The Court finds that these factors support the need for counsel at this early stage of the case.

Accordingly, the case will be referred to the Court's pro se case administrator. The pro se case administrator will have 45 days to attempt to obtain pro bono counsel for Plaintiff. If pro bono counsel is not obtained within 45 days, Plaintiff will proceed pro se.

IT IS SO ORDERED.

Dated: September 30, 2025      s/Judith E. Levy  
Ann Arbor, Michigan      JUDITH E. LEVY  
    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
