**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JONATHAN HICKERSON,

*Plaintiff,*

*v.*

HEIDI WASHINGTON, et al.,

*Defendants.*
_________________________________/

Case No. 5:25-cv-12884

Judith E. Levy
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**ORDER STRIKING PLAINTIFF'S *PRO SE* FILING (ECF No. 46)**

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, proceeding *pro se* at the time, filed the original complaint on September 9, 2025. (ECF No. 1). Also on September 9, Plaintiff filed a motion for appointment of counsel (ECF No. 2), which was granted a few weeks later by District Judge Judith E. Levy (ECF No. 6). Attorney Paul Matouka volunteered to represent Plaintiff; and on October 2, Judge Levy formally assigned him as counsel to Plaintiff. (ECF No. 7).

Mr. Matouka has been actively litigating this case on Plaintiff's behalf. He has defended against an early dispositive motion (ECF No. 27) and has successfully moved for an order allowing him to pick up documents from Plaintiff (ECF Nos. 39, 42). Despite Mr. Matouka's diligent representation to date, Plaintiff has now

submitted a *pro se* filing requesting consolidation of his pending civil cases. (ECF No. 46).

Federal law provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel." 28 U.S.C. § 1654 (emphasis added). The Sixth Circuit has "interpreted this provision as allowing a litigant to represent himself pro se or to obtain representation—but not both." *United States v. Rohner*, 634 F. App'x 495, 505 (6th Cir. 2015). As another district judge has explained, "it is well-established that a civil litigant has no right to hybrid representation—to represent himself with respect to some matters while also being represented by counsel." *Dassault Systemes, S.A. v. Childress*, No. 09-CV-10534, 2025 WL 2014999, at *9 (E.D. Mich. July 17, 2025) (collecting cases). Thus, "[h]aving chosen to be represented by his experienced attorney, [Plaintiff] gave up any right he may otherwise have had to directly address the Court with respect to the legal questions to be decided by the Court." *Id.*

Accordingly, **IT IS ORDERED** that Plaintiff's *pro se* filing (ECF No. 46) is **STRICKEN**.

**IT IS FURTHER ORDERED** that, so long as Plaintiff remains represented by counsel, Plaintiff may not file *pro se* pleadings in this matter. Any future filings shall be made through counsel of record. Future *pro se* filings may be automatically stricken via text-only orders.

Date: September 16, 2026

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge